

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-22-2003

# USA v. Rockwell

Precedential or Non-Precedential: Non-Precedential

Docket 02-2077

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Rockwell" (2003). *2003 Decisions.* Paper 634.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/634

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-2077

———————

UNITED STATES OF AMERICA

v.

CHARLES ROBERT ROCKWELL,
                                        Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 01-cr-00095
District Judge:  The Honorable A. Richard Caputo.

———————

Submitted Under Third Circuit LAR 34.1(a)
April 11, 2003

———————

Before: BARRY, ROSENN, <u>Circuit Judges</u> and POLLAK,[*] <u>District Judge</u>

———————

(Opinion Filed: April 21, 2003)

———————

OPINION

———————

———————

[*] The Honorable Louis H. Pollak, Senior District Judge, United States Court for the
Eastern District of Pennsylvania, sitting by designation.

BARRY, <u>Circuit Judge</u>

Appellant Charles Rockwell was charged in a one count indictment with making

false statements in the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6). He

entered a plea of guilty and was sentenced on April 12, 2002 to a prison term of 77 months,

three years supervised release, and a $100 special assessment. He appealed, and now argues

that the judgment of sentence should be vacated because, during the plea colloquy, the

District Court failed to explicitly ascertain that his plea was not the product of any force or

threats. Notably, Rockwell does not assert actual innocence, or that there was any improper

coercion before, during, or after his plea.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and appellate

jurisdiction is proper in this Court under 28 U.S.C. § 1291. We will affirm.

We note initially that because defense counsel failed to object to the technical

error now objected to, we review for plain error. <u>See</u>, <u>e.g.</u>, <u>United States v. Vonn</u>, 122 S. Ct.

1043, 1046 (2002). Under the plain error standard of review, Rockwell must show: 1) that

an error occurred; 2) that the error was a plain error; and 3) that the error affected his

substantial rights. <u>United States v. Olano</u>, 507 U.S. 725, 732-36 (1993). Moreover, even

where these requirements are met, we should only correct the error if it is found to have

"seriously affect[ed] the fairness, integrity or public reputation of [the] judicial

proceedings." <u>See</u> <u>id</u>. at 732 (quotations and citations omitted).

No such finding can be made here. First of all, Rockwell acknowledged in his

signed plea agreement that "[n]o other promises or inducements have been or will be

2

made...in connection with this case, nor have any predictions or threats been made in connection with this plea." (App. at 18-19). Moreover, he has never maintained that he was coerced, and he candidly admitted his guilt at the Rule 11 colloquy. In the absence of even an assertion that any rights, let alone substantial rights, were affected or an assertion that, but for the error, the outcome of the criminal proceeding would have been the slightest bit different, Rockwell cannot prevail.

We will affirm the judgment of sentence.


TO THE CLERK OF COURT:

Kindly file the foregoing opinion.

/s/MaryAnne Trump Barry
Circuit Judge